# United States District Court
## Western District of North Carolina

UNITED STATES OF AMERICA

V.

DONALD EUGENE SMITH
(Name of Defendant)

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

Case Number: 5:93CR17-2-V

Harold J. Bender
Defendant's Attorney

**THE DEFENDANT:**

\_\_ pleaded guilty to count(s) _____
\_\_ pleaded nolo contendere to count(s) _____ which was accepted by the court.
_X_ was found guilty on count(s) 1 _____ after a plea of not guilty.

| Title and Section | Nature of Offense | Date Offense Concluded | Counts |
|---|---|---|---|
| 21:846 | Conspiracy to possess w/intent to distribute & distribute a quantity of cocaine base, a Sch. II narcotic controlled substance | 02/18/92 | 1 |

The Defendant is sentenced as provided in pages 2 through _6_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

\_ The Defendant has been found not guilty on count(s) _____.

_X_ Count(s) 2, & 3 _____ (is)(are) dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the Defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 01/17/59

Defendant's USM No.: 10365-058

Defendant's Mailing Address:
c/o Mecklenburg Co. Jail
Charlotte, NC 28269

Date of Imposition of Sentence: April 1, 1997

_/s/ Richard L. Voorhees_
Signature of Judicial Officer

RICHARD L. VOORHEES
Chief U.S. District Court Judge

Date: 4-11-97

## IMPRISONMENT

The Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of THREE HUNDRED TWENTY-FOUR (324) MONTHS

X The Court makes the following recommendations to the Bureau of Prisons:
That defendant participate in the substance abuse treatment program under 18 USC 3621(e)(2) while incarcerated. That defendant be designated to an institution as close to his home in Statesville, NC, as possible.

X The Defendant is remanded to the custody of the United States Marshal.

___ The Defendant shall surrender to the United States Marshal for this District:

 ___ at ___ a.m. / p.m. on _____.

 ___ as notified by the United States Marshal.

___ The Defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

 ___ before 2 p.m. on _____.

 ___ as notified by the United States Marshal.

 ___ as notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____ at _____
_____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
 Deputy Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the Defendant shall be on supervised release for a term of <u>FIVE (5) YEARS</u>.

___ The condition for mandatory drug testing is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court and any additional conditions ordered.

1) The Defendant shall not commit another federal, state, or local crime.
2) The Defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.
3) The Defendant shall pay any financial obligation imposed by this judgment remaining unpaid as of the commencement of the sentence of probation or the term of supervised release on a schedule to be established by the Probation Officer.
4) The Defendant shall provide access to any personal or business financial information as requested by the probation officer.
5) The Defendant shall not acquire any new lines of credit unless authorized to do so in advance by the probation officer.
6) The Defendant shall not leave the Western District of North Carolina without the permission of the Court or probation officer.
7) The Defendant shall report in person to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
8) A Defendant on supervised release shall report in person to the probation officer in the district to which he or she is released within 72 hours of release from custody of the Bureau of Prisons.
9) The Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
10) The Defendant shall support his or her dependents and meet other family responsibilities.
11) The Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other activities authorized by the probation officer.
12) The Defendant shall notify the probation officer within 72 hours of any change in residence or employment.
13) The Defendant shall refrain from excessive use of alcohol and shall not unlawfully purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as duly prescribed by a licensed physician.
14) The Defendant shall participate in a program of testing and treatment or both for substance abuse if directed to do so by the probation officer, until such time as the defendant is released from the program by the probation officer; provided, however, that defendant shall submit to a drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter for use of any controlled substance, subject to the provisions of 18:3563(a)(4) or 18:3583(d), respectively.
15) The Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
16) The Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
17) The Defendant shall submit his person, residence, office or vehicle to a search, from time to time, conducted by any U.S. Probation Officer and such other law enforcement personnel as the probation officer may deem advisable, without a warrant; and failure to submit to such a search may be grounds for revocation of probation or supervised release. The defendant shall warn other residents or occupants that such premises or vehicle may be subject to searches pursuant to this condition.
18) The Defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed by the probation officer.
19) The Defendant shall notify the probation officer within 72 hours of defendant's being arrested or questioned by a law enforcement officer.
20) The Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
21) As directed by the probation officer, the Defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
22) If the instant offense was committed on or after 4/24/96, the defendant shall notify the probation officer of any material changes in defendant's economic circumstances which may affect the defendant's ability to pay restitution, fines or special assessments.

ADDITIONAL CONDITIONS:

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments.

| ASSESSMENT | FINE | RESTITUTION |
|---|---|---|
| $50.00 | $ | $ |

# FINE

The above fine includes costs of incarceration, if any, and/or supervision.

    The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

_ The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

_ The interest requirement is waived.

_ The interest requirement is modified as follows:

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  X  in full immediately; or

B  ___  $_____ immediately, balance due (in accordance with C or D); or

C  ___  not later than _____; or

D  ___  in *(e.g., equal, weekly, monthly, quarterly)* installments of $_____ over a period of year(s) to commence _____ days after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and may request the court to establish a payment schedule if appropriate 18 U.S.C. §3572.

Special instructions regarding the payment of criminal monetary penalties:

Any balance remaining will be paid on a schedule established by the U. S. Probation Office or Bureau of Prisons.

_  The defendant shall pay the cost of prosecution.

_  The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States District Court Clerk, P.O. Box 466, Statesville, NC 28687 (205 U.S. Post Office and Courthouse, 200 W. Broad St., Statesville, NC 28687) except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. All criminal monetary penalty payments are to be made as directed by the court or the probation officer.

\_  The court adopts the factual findings and guideline application in the presentence report.

**OR**

X  The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary): The amount of cocaine base forseeable to the defendant is between 500 grams and 1.5 kilograms, which results in a base offense level of 36. A two level enhancement for possession of a weapon, pursuant to U.S.S.G. 2D1.1(b)(1), is applicable.

**Guideline Range Determined by the Court:**

Total Offense Level: __40__

Criminal History Category: __II__

Imprisonment Range: __324__ to __405__ months

Supervised Release Range: __5__ to __5__ years

Fine Range: $ __25,000.00__ to $ __4,000,000.00__

    X  Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution:  $

\_  Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(a)(1)(B)(ii).

\_  For offenses that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, 113A, and 232 of Title 18, restitution is not ordered or nominal restitution is ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

\_  Restitution is not ordered in an offense against property under Title 18, including any offense committed by fraud or deceit, because the number of identifiable victims is so large as to make restitution impracticable, or because determining complex issues of fact related to the cause or amount of the victim's losses would complicate or prolong the sentencing process to a degree that the requirement to provide restitution to any victim is outweighed by the burden on the sentencing process. 18 U.S.C §3663A(c)(3).

\_  Partial restitution is ordered for the following reason(s):

\_  The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

**OR**

X  The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s): deterrence & rehabilitation

**OR**

\_  The sentence departs from the guideline range:

    \_  upon motion of the government, as a result of defendant's substantial assistance.

    \_  for the following specific reason(s):